Withers, J.
delivered the opinion of the Court.
It appears to this Court quite manifest, as it did to the Judge on the Circuit, that if an original affidavit be pre *451 sumed to have been made by defendant against Patrick and "William Saunders, charging upon them hog-stealing, still there was no evidence to show that the paper produced was a copy of it, in whole or in part. The sole circumstance to show that the memorandum referred to is a copy of any affidavit, is the fact that it is in the hand-writing of Ward, the Magistrate before whom the original proceedings on a charge of hog-stealing were instituted. Suppose a witness weré introduced to state that Ward said the paper offered was a copy — would he be heard? Surely not. Now the evidence offered is of less force, for though the paper offered in evidence is in "Ward’s hand-writing, we do not know even what he represents in relation to it; of what it is a copy; whether it was ever sworn to, <fec.
The rules of evidence referred to at page 485 of the 2d vol. of Cowan and Hill’s notes .to Philip’s Evidence, aim only to elucidate the general doctrine, well settled, that a public officer is presumed, prima facie, to have done, as to preliminary matters especially, what the law required.— This can help the plaintiff only thus far, to wit: that a warrant issued by Ward against Patrick and William Saunders shall be presumed to been founded upon a proper affidavit by the prosecutor. But how shall this advance the inquiry whether the paper produced was a copy of it?
If, however, the plaintiff could escape this difficulty, and had even been able to produce the original affidavit, he would have encountered anon-suit upon aground not to be shunned, according to the case of Vausse v. Lee, 1 Hill, 197. In that case, Yausse had charged upon Lee, by affidavit before a Magistrate, the felony of stealing negroes; and the following language is held by the Court of Appeals: “ It is necessary to preserve the distinct boundaries between actions. The action for slander is a species of action on the case, differing in form, rules of evidence and pleading, from the action on the case for malicious prosecution, malicious arrest, or maliciously sueing out a search warrant. The latter is the only remedy to which the plaintiff could have resorted for a redress of the civil injury *452 which he alleges he has sustained.” The non-suit, granted on the circuit in that case, was accordingly sustained.
The like result must attend the case now before us, and the motion, therefore, is refused.
Richardson, J. O’Neall, J. Evans, J. and Frost, J. concurred.

Motion refused.